UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICIA BARRETT,

                Plaintiff,

      v.

CITIGROUP, INC. *et al.*,

                Defendants.

13-cv-8254

**OPINION**

Patricia Barrett, a former Citibank employee, brings this suit under the Employee Retirement Income Security Act of 1974, alleging that the Citigroup Pension Plan incorrectly calculated her pension benefits.

Defendants Citigroup, Inc.; Citibank; and Citigroup Pension Plan moved to dismiss the complaint. On August 4, 2014, the court converted defendants' motion to dismiss into a motion for summary judgment and gave notice to the parties. The parties submitted supplemental briefs.

The court grants defendants' motion for summary judgment.

**Background**

Patricia Barrett was a Citibank employee from 1970 to 1981. As a result of her employment, she claimed an entitlement to a pension from the Citigroup Pension Plan, a retirement plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA").

The Plan bases benefits on an employee's average compensation and years of credited service. The Plan defines compensation as "the regular fixed basic annual rate of compensation received by an Employee" and excludes any "bonus, overtime payments or other similar

1

distributions." The Plan vests the Citibank Plans Administration Committee with discretion "to determine all questions arising in connection with" the pension plan. This includeds the ability to "correct any defect" and "supply any information" "deemed necessary or advisable to carry out the purpose of the Plan."

In February 2011, when Barrett initiated the process of collecting her pension, Citibank advised her that it had lost her payroll records. To make matters worse, Barrett had lost her own employment records in a house fire in 1994. In the absence these records, the Plan said it would calculate her pension benefits using income records from either the IRS or the Social Security Administration. Barrett submitted documentation from the Social Security Administration, and the Plan made a determination. Barrett, however, argues that these records underreport her earnings at Citibank, resulting in lower benefits from the pension plan.

Barrett appealed the Plan's determination to the Citi Corporate Benefits Department, contending that the Plan should have based its determination on evidence she submitted—two letters and an email that purportedly corroborated Barrett's recollection of her salary while she worked at Citibank. The first letter was from Frederick Roesch and stated that Barrett worked for Citibank from 1973 to 1981. The second letter was from Antoinette Heron, who stated that she worked for Citibank in the 1970s and 1980s. Heron provided information about her income from Citibank based on IRS Form W-2. The third item of correspondence submitted by Barrett was an email from Byron Stinson, another former Citibank employee, who also provided his income based on IRS Form W-2. The Corporate Benefits Department reviewed the administrative record in the case and denied Barrett's appeal.

Barrett appealed the decision to the Citibank Plans Administration Committee. After review, the Committee determined that it could not rely on the correspondence Barrett had

submitted because it did not confirm her base salary while she worked at Citibank. Roesch's letter confirmed Barrett's employment, but contained no salary information. Heron's letter did not indicate whether Heron and Barrett had similar jobs at Citibank. Moreover, Heron's income data from her Form W-2 provided only aggregate earnings and did not separate out the base salary—the only amount relevant to pension calculations—from commissions or bonuses. Heron's letter contained no evidence of Barrett's salary. Finally, Stinson's email, like Heron's letter, did not specify whether his job was comparable to Barrett's and only provided information about aggregate earnings, not base salary. The Committee found that this information was not a sufficient basis for determining Barrett's benefits.

Instead, the Committee determined that Barrett's benefits should be based on earnings as reported to the IRS or the Social Security Administration. Barrett submitted only Social Security records. The Committee relied on its powers under Section 11.4 of Part I of the plan, which gives the Committee the power "to determine all questions arising in connection with" the pension plan, including the power to "correct any defect" and "supply any information" "deemed necessary or advisable to carry out the purpose of the Plan."

Having exhausted the claims and appeals process, Barrett sued in this court, claiming that she is entitled to additional benefits under the plan.

## Discussion

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). It is the moving party's burden to show that no genuine factual dispute exists. <u>Gallo v. Prudential Residential Servs., L.P.</u>, 22 F.3d 1219, 1223 (2d Cir. 1994). In dealing with a summary

judgment motion, the court must resolve all ambiguities and draw all reasonable inferences in the non-moving party's favor.  Giannullo v. City of N.Y., 322 F.3d 139, 140 (2d Cir. 2003).

When an ERISA plan vests the administrator with discretion to interpret a plan and make benefit eligibility determinations, that decision is entitled to deference and the court will only review it for abuse of discretion.  Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).  In such cases, the court may only overturn the decision of the plan administrator if it is "without reason, unsupported by substantial evidence or erroneous as a matter of law."  Kinstler v. First Reliance Standard Life Ins. Co., 181 F.3d 243, 249 (2d Cir. 1999).  Here, the Citibank Plan vests discretion in the Citibank Plans Administration Committee, so the Committee's adjudication of Barrett's claim is entitled to deference.  Moreover, there has been no showing of good cause to consider evidence outside the record, so the court's review is limited to the administrative record and summary judgment is appropriate.  See Muller v. First Unum Life Ins. Co., 341 F.3d 119, 125 (2d Cir. 2003).

In this case, the Committee did not abuse its discretion in determining that Barrett's benefits should be based on the Social Security Administration's records.  Those records are objective proof of income as reported to the government agency.  The Committee considered Barrett's alternative proof of income—correspondence from other Citibank employees—and provided rational reasons for rejecting that evidence.  None of the correspondence offered any evidence about Barrett's base salary, as defined by the pension plan.  The Committee's use of employee's earnings reported to the Social Security Administration is reasonable, not arbitrary or capricious.

There is no genuine issue as to any material fact, and defendants are entitled to judgment as a matter of law.

## Conclusion

Defendants' motion for summary judgment is granted. This opinion resolves the motion listed as document number 4 in this case.

So ordered.

Dated: New York, New York
September 3, 2014

Thomas P. Griesa
United States District Judge

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/3/14
```